UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

vs.

Phil J. Vander Vaart,

Defendant.

Civil No. 01-1432 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Lonnie Bryan, Assistant United States Attorney for the Government.
Phil J. Vander Vaart, *Pro se.*

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on May 31, 2002, on the United States' Motion for Summary Judgment [#5]. For the reasons which follow, this Court will recommend that the motion be granted.

## I. FACTUAL BACKGROUND

This action arises out of Defendant Phil J. Vander Vaart's ("Defendant") defaulting on student loans. The facts giving rise to this action are undisputed and are construed in Defendant's favor.

On or about February 26, 1982, Carondelet Savings and Loan Association loaned Defendant $2,500 to attend Vatterott & Sullivan School/Lonnie Tetta School of Sign Painting. On or about March 8, 1982, the loan proceeds, less fees were disbursed. Approximately seven months after withdrawing from school, the loan became subject to repayment. Defendant failed to repay the loan and as such Carondelet Savings and Loan Association asked the Higher Education Assistance Foundation ("HEAF") to repay the loan. HEAF paid the loan claim in the amount of $1,693.55;

MAY
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

however, all its efforts to collect the loan were unsuccessful.

On January 18, 1990, HEAF, made a claim to the United States Department of Education ("DOE"), which had reinsured the loan.[1] The DOE received $0 in payments from all sources, including Treasury Department offsets. DOE referred the matter to the U.S. Attorney's Office after its efforts to collect the loan were unsuccessful.

## II. CONCLUSIONS OF LAW

### 1. Standard of Review

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986) (holding that summary judgment is not an acceptable means of resolving triable issues, nor is it a disfavored procedural shortcut when there are no issues which require the unique proficiencies of a jury in weighing the evidence, and in rendering credibility determinations); Hegg v. United States, 817 F.2d 1328, 1331 (8th Cir. 1987); Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000).

Similarly, the Eighth Circuit Court of Appeals has held that summary judgment is appropriate, when we have viewed the facts, and the inferences drawn from those facts, in a light most favorable to the nonmoving party, and we have found no triable issue. See Carter v. St. Louis Univ., 167 F.3d 398, 400 (8th Cir. 1999); Southwall Technologies, Inc. v. Cardinal IG Co., 54 F.3d 1570, 1575 (Fed. Cir. 1995). For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case, while a dispute is "genuine"

---

[1] Once HEAF's collection efforts failed, it could make a claim to the DOE pursuant to 20 U.S.C. § 1080(a).

if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Liebe v. Norton, 157 F.3d 574, 578 (8th Cir. 1998).

Fed. R. Civ. P. 56(e) makes clear that once the moving party files a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. In sustaining that burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must produce significant probative evidence demonstrating that there is a genuine issue for trial." Fed. R. Civ. P 56(e); see also, Anderson, supra at 249-56 (noting that if the evidence submitted by the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted); Chism v. W.R. Grace & Co., 158 F.3d 988, 990 (8th Cir. 1998). Moreover, the movant is entitled to summary judgment where the non-moving party has failed to "establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp., supra at 322; see also, Greer v. Schoop, 141 F.3d 824, 826 (8th Cir. 1998); Mayard v. Hopwood, 105 F.3d 1226, 1228 (8th Cir. 1997). No genuine issue of fact exists in such a case because "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex Corp., supra at 323; see also, Bell Lumber and Pole Co. v. U.S. Fire Ins. Co., 60 F.3d 437, 441 (8th Cir. 1995). It is with these standards in mind that the instant motion must be decided.

**2. Legal Analysis**

The law provides that the existence of an unpaid promissory note signed by a student loan debtor establishes a prima facie case for recovery regardless of whether the debtor actually received the educational benefit which the loan was intended to provide. See U.S. v. Manning, No. C2-00-

240, 2002 WL 193699 (S. D. Ohio, Jan. 30, 2002); U.S. v. Durbin, 64 F.Supp.2d 635, 636 (S.D. Tex. 1999); U.S. v. Golden Elevator, Inc., 868 F.Supp. 1063 (C.D. Ill.1994); U.S. v. MacDonald, No. 93-1924, 1994 WL 194248 (6th Cir. May 16, 1994) (the government satisfied its burden on summary judgment by proving that the defendant signed promissory notes, received student loans from the University of Chicago, and defaulted on his repayment obligations); U.S. v. Irby, 517 F.2d 1042 (5th Cir.1975) (the government clearly established a prima facie case by introducing the signed note). The note may be enforced against the borrower unless he can show that he did not issue it or that he paid it. See Durbin, 64 F.Supp.2d at 636.

In instant case, it is undisputed that: (1) Defendant was the person who issued the note; (2) the United States owns the note; and (3) the note is unpaid. In fact Defendant's Answer specifically indicates that he signed the contract and is legally responsible. His only defense is that he was dissatisfied with the school. While the Court empathizes with Defendant's dissatisfaction, it does not rebut or affect this debt collection action. Here, the original lender disbursed the money based on Defendant's promise to repay it. The United States has paid money to the original guarantor because Defendant did not repay his loan. As between Defendant and the United States, the notes are enforceable, consequently, the United States is entitled to judgment as a matter of law.

## III. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the United States' Motion for Summary Judgment [#5] be **GRANTED**.

DATED: May 31, 2002

FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within 10 days a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | **Registration** |
| 8:00-8:15 | **Opening Remarks and Welcome,** ***Judge Ann D. Montgomery*** |
| 8:15-9:00 | **Securities Law Issues in the Wake of Enron,** ***Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)*** |
| 9:00-9:45 | **Current Issues in Employment Law,** ***Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)*** |
| 9:45-10:00 | **Morning Break** |
| 10:00-10:45 | **Current Initiatives in the U.S. Attorneys' Office,** ***Tom Heffelfinger (U.S. Attorneys Office)*** |
| 10:45-11:45 | **Discovery Disputes: Professionalism in the Practice of Law?,** ***Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,*** |
| 11:45-12:45 | **Lunch (Room 211)** |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | **The Clerk's Office Can Be Your New Best Friend,** ***Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon*** |
| 1:30-2:15 | **How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How,** ***Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)*** |
| 2:15-3:15 | **Issues in the Wake of 9/11: Racial Profiling --** ***Daniel M. Scott (U.S. Federal Public Defenders' Office)***; **Response by the Department of Justice --** ***Tony Brown (U.S. Attorneys Office)*** |
| 3:15:3:30 | **Afternoon Break** |
| 3:30-4:15 | **Update on Technology Tools for Litigating in Federal Court,** ***Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)*** |
| 4:15-5:15 | **Ethics in "Real Life" Practice Situations,** ***Martin A. Cole (Lawyers Professional Responsibility Office)*** |

## *Seminar Registration*

| | |
|---|---|
| ☐ Member | $195.00 |
| ☐ Non-Member | $225.00 |

Name ____________________

Firm/Employer ____________________

Address ____________________

____________________

Phone ____________________

E-Mail ____________________

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA (612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building

## *Featured Speakers Include:*

**District of Minnesota**

Judge David S. Doty

Judge Donovan W. Frank

Judge Paul A. Magnuson

Judge Ann D. Montgomery

Judge John R. Tunheim

Chief Magistrate Judge Jonathan Lebedoff

Magistrate Judge Arthur J. Boylan

**United States Bankruptcy Court**
**District of Minnesota**

Judge Robert J. Kressel

Application Pending for 7.5 CLE Credits including 2 Ethics and 1 Bias Credit

**The Minnesota Chapter of the Federal Bar Association**
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
PAID
Minneapolis, MN
Permit No. 2657

MINNESOTA CHAPTER OF
THE FEDERAL BAR
ASSOCIATION

In connection with
The Federal Judiciary

# *28th Annual Federal Court Practice Seminar*

June 19, 2002
8:00 am—5:15 pm

Minneapolis Convention Center
1301 Second Avenue South
Room 208
Minneapolis, MN 55402
(612) 335-6000